■ DAVID DUGAS, Appellant, v METRO-NORTH COMMUTER RAILROAD, Respondent, et al., Defendant.—Casey, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Beisner, J.), entered April 6, 1990 in Dutchess County, upon a verdict rendered in favor of defendant Metro-North Commuter Railroad.

Plaintiff commenced this action pursuant to the Federal Employer's Liability Act (45 USC § 51 *et seq.)* to recover damages sustained during his employment with defendant Metro-North Commuter Railroad (hereinafter defendant) when he received an electrical shock while attempting to attach an electrical cable to a buss bar in a switch house

located in Grand Central Station in New York City. Following a trial on the issue of liability, the jury returned a verdict in favor of defendant, specifically finding no negligence on defendant's part. The only issue raised by plaintiff on this appeal concerns Supreme Court's ruling which limited plaintiff's cross-examination of one of the defense witnesses about the conditions in the switch house on the day after the accident.

Plaintiff argues that since the witness testified that the day following plaintiff's accident he completed the job plaintiff was working on without incident, plaintiff should have been permitted to inquire into whether the conditions in the switch house were any different than they were the preceding day when plaintiff was injured. Plaintiff contends that the question of changed conditions was relevant because the testimony of the witness that he completed the job without incident may have created the inference of a lack of care or ability on the part of plaintiff. The jury, however, found no negligence on defendant's part and, therefore, never reached the question of plaintiff's negligence.

The uncontested evidence in the record establishes that the job to which plaintiff had been assigned was not considered dangerous as long as the proper safety equipment was used, and plaintiff was using that equipment when he was injured. Plaintiff had no recollection of the accident and neither of the two co-workers who were working with plaintiff at the time could explain how the accident happened. The record is devoid of any evidence of a breach of duty on defendant's part or that defendant was in any way responsible for the happening of the accident. Since the testimony which plaintiff sought to elicit on cross-examination would not have filled this void, there is no basis for disturbing the judgment.

Mahoney, P. J., Weiss, Mikoll and Harvey, JJ., concur. Ordered that the judgment is affirmed, with costs.